IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

## SARAH ANN WILKERSON v. ROBERT WILKERSON

**An Appeal from the Circuit Court for Shelby County**
**No. 154340 R.D.;     The Honorable James E. Swearengen, Judge**

---

**No. W1999-01684-COA-R3-CV - Decided May 11, 2000**

---

This appeal arises out of a divorce proceeding in the Shelby County Circuit Court. This court has previously entertained an appeal in this case regarding the division of the marital estate. The case was remanded to the trial court with instructions to divide the marital estate equally between the parties. On remand, the trial court initially divided the marital estate equally and, after hearing additional proof, allowed certain credits found owing to the Wife. The Husband has appealed from the trial court's ruling upon remand.

**Tenn.R.App. 3; Appeal as of right; Judgment of the Circuit Court is Affirmed.**

HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and LILLARD, J., joined.

Kim G. Sims, Memphis, for Appellant, Robert Wilkerson

Marti L. Kaufman, MONROE, KAUFMAN & McGHEE, Memphis, Attorney for Appellee, Sarah Ann Wilkerson

### OPINION

Robert Wilkerson appeals from the decision of the Shelby County Circuit Court, which divided the parties marital property after the case was remanded from the Court of Appeals with instructions. For the reasons stated herein, we affirm the trial court's decision.

### I. Facts and Procedural History

Sarah Ann Wilkerson, the appellee, filed a complaint for divorce on January 16, 1997. Robert Wilkerson, the appellant, answered the claim and lodged a counter-complaint in which he also sought a divorce. The case was tried, and the trial court entered a final decree of divorce which, among other things, provided for the division of the parties' marital estate. The trial court concluded that the marital estate consisted of the parties' home, valued at $65,000.00, and Ms.

Wilkerson's retirement account, which was valued at $33,000.00. In dividing the marital property, the trial court ordered that Mr. Wilkerson was to receive $25,000.00 as his share of the equity in the marital home. The remainder of the property went to Ms. Wilkerson. Mr. Wilkerson appealed to this court.

On appeal, this court issued an opinion in which it reversed the initial property division and remanded the case to the trial court with instructions to make an equal, 50/50, division of the marital property. See Wilkerson v. Wilkerson, 1998 WL 397373 (Tenn. Ct. App., W.S. July 16, 1998) That opinion further stated: "In making this allocation, the court should consider how our ruling affects Wife's ability and desire to purchase Husband's equity in the marital residence and whether it would be preferable to invade the principle balance in Wife's retirement account." On December 16, 1998, the trial court issued an "Order on Final Decree of Divorce Pursuant to the Court of Appeals Remand." The parties had stipulated that the entire marital estate consisted of $109,700.00. That amount was comprised of the marital home, valued at $65,000.00, the Wife's retirement, $33,000.00, the Husband's retirement, $4,000.00, the Husband's car, $6,500.00, and the Wife's car, $1,200.00. Pursuant to the instructions of this court, the trial court equally divided the total amount of the estate, leaving each party with $54,850.00. The trial court then allowed certain credits it found to be owing to Ms. Wilkerson.[1] Specifically, the court allowed a $7,500.00 credit for one-half of a $15,000.00 worker's compensation settlement that Mr. Wilkerson had received during the marriage. The court stated that Mr. Wilkerson had "lost" this money and had been unable or unwilling to provide an explanation. The court also allowed a $961.49 credit for 1998 city and county property taxes which Ms. Wilkerson would have to pay upon closing a loan to purchase the marital home.[2]

The credits which the court allowed totaled $9,961.49. The court subtracted that amount from Mr. Wilkerson's share of the equity in the marital home, thereby reducing his share to $22,538.51. The court further reduced that amount by one-half of all expenses associated with the loan Ms. Wilkerson took out to buy Mr. Wilkerson's interest in the home. Finally, the court found that Mr. Wilkerson was entitled to one-half of Ms. Wilkerson's retirement account, or $16,500.00. However, the court acknowledged that this was a State Retirement Fund which had no immediate payout. Therefore, the court held that Ms. Wilkerson could pay this amount "in any way," either "currently or, at the very least, at the rate of one-half of her retirement check at the time Wife is to receive said retirement." Mr. Wilkerson has again appealed the trial court's decision regarding the division of the marital property.

## II. Law and Analysis

The dispositive issue in this case is whether the trial court erred in making adjustments to the equal division of the parties marital property based on additional proof entertained on remand from

---

[1] It appears that the trial court heard additional proof after remand from this court.

[2] Ms. Wilkerson had been given the marital home as part of the divorce, and the loan was necessary to allow her to purchase Mr. Wilkerson's equity in the home.

this court. The Appellant claims that the sole responsibility of the trial court on remand was to determine the value of the marital assets and to divide that amount equally. We conclude that the trial court did not abuse its discretion in allowing the credits and, therefore, affirm the trial court decision.[3]

Trial courts have wide discretion in the manner in which marital property is divided, and their decisions are accorded great weight on appeal. Wade v. Wade, 897 S.W.2d 702, 715 (Tenn. Ct. App. 1994); Wallace v. Wallace, 733 S.W.2d 102, 106 (Tenn. Ct. App. 1987). In the present case, our sole consideration is whether the trial court's order contradicted this court's instructions. While it is certainly true that our instructions included a directive to split the marital property equally, it is just as true that those instructions did not foreclose the trial court's ability to hear further proof. In this regard, it is appropriate to note that this court could have rendered a judgment without the need for remand. See Rule 36(a), Tennessee Rules of Appellate Procedure. We did not render a judgment because this court found it appropriate to remand for further proceedings. Accordingly, our remand of this case to the trial court necessarily contemplated that the trial court could hear additional proof and render a decision consistent with that proof.

The Appellant cites to the case of First Tennessee Bank National Association v. Hurd Lock and Manufacturing Company, 816 S.W.2d 38 (Tenn. Ct. App. 1991). However, our review of that case reveals little, if any, support for the Appellant's position in the present case. We find the First Tennessee case to support the proposition that a trial court can hear additional proof on remand when there are issues yet to be determined. Since such a proposition goes against the Appellant's argument in the present case, we find his reliance on First Tennessee to be misplaced.

The trial court found credits to be owing to Ms. Wilkerson. The validity of those credits is not being challenged in this appeal. The sole argument is that the trial court was not free to entertain additional proof on remand, but rather, was bound to equally divide the parties' marital property. We do not believe our prior decision should have been read so as to preclude the trial court from doing "complete justice." See First Tennessee, 816 S.W.2d at 40 ("Thus, we are led to the conclusion that this court, in its original opinion, envisioned and intended that the trial judge, on remand, take all action necessary to do complete justice, including the reception of additional proof."). In resolving those issues and doing "complete justice," the trial court did not err in hearing additional proof and rendering its judgment accordingly.[4] The trial court complied with our

---

[3] In regards to the validity of the credits allowed, the Appellant only takes issue with the trial court's allowance of a credit for the property taxes on the marital home. He alleges that the court should not have allowed this credit because those taxes had not yet been paid. Although the Appellant asserts this to be in issue in the appeal, he presents no authority in support of his position. Accordingly, we are provided no basis on which to conclude that the trial court erred in allowing a credit for the payment of taxes on the marital home. The Appellant presents no issues regarding the validity of the other credits, thus we presume them to be valid.

[4] We hasten to point out that Mr. Wilkerson also benefitted from the trial court's receipt of additional proof in that he received half of Ms. Wilkerson's retirement account. In the initial divorce decree, he did not receive any part of that account.

instructions when it began with the equal, 50/50, split. Those instructions did not preclude the court's subsequent consideration of credits that were valid and owing to Ms. Wilkerson.

## Conclusion

For the reasons stated herein, we affirm the decision of the trial court which deducted from Mr. Wilkerson's share of the marital estate certain credits found to be owing to Ms. Wilkerson. Costs of this appeal are taxed to the Appellant, Robert Wilkerson, for which execution may issue if necessary.